UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 8, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:  *Alex M. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
     Civil No. 23-2472-CDA

Dear Counsel:

  Before the Court is an uncommon occurrence: a contested motion to remand an appeal of the Social Security Administration's denial of Social Security benefits. On September 12, 2023, Plaintiff Alex M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for benefits. ECF 1. In accordance with the briefing schedule, Plaintiff moved for summary judgment. ECF 12. In response, the Commissioner sought remand, opining that "further administrative proceedings and development is warranted." ECF 14. Contrary to usual practice in this Court, Plaintiff opposed. ECF 15. Plaintiff argues that the Commissioner's motion is improper; that, by seeking remand instead of responding on the merits, the Commissioner has waived all arguments against Plaintiff; and that, because of this alleged waiver, the Court should reverse the SSA's decision and award benefits.[2] *Id.* I have considered the parties' briefs (ECFs 12, 14, 15 & 16) and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, the Motion to Remand is GRANTED, the Motion for Summary Judgment is DENIED, the Commissioner's decision is REVERSED, and this case is REMANDED to the Commissioner for further consideration.

  Only in "rare circumstances" may courts within the Fourth Circuit reverse a Social Security appeal and order payment of benefits. *Radford v. Colvin*, 734 F.3d 288, 294-95 (4th Cir. 2013). It is axiomatic that federal courts do not engage in de novo review or reweigh evidence presented to an administrative law judge (ALJ) related to a Social Security disability determination. *Id.* The Court limits its review to whether a determination rests upon substantial evidence and applied the correct legal principles. *Westmoreland Coal Co., Inc. v. Cochran*, 718 F.3d 319, 322 (4th Cir. 2013). If this limited review identifies harmful error, "the proper course, expect in rare

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on December 27, 2019. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] Before the parties submitted their positions on Plaintiff's appeal and the SSA's request for remand, this case was referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023).

circumstances, is to remand to the agency for additional investigation or explanation." *Radford*, 734 F.3d at 296 (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). The rare exception to this procedure arises where a record clearly establishes disability, such that "reopening the record for more evidence would serve no useful purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1011-12 (4th Cir. 1974). In such circumstances, courts may (1) reverse the SSA's determination *without* remanding the case for a rehearing and (2) order an award for benefits. *Id.*; *see* 42 U.S.C. § 405(g); *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The essence of the parties' dispute is as follows: Plaintiff contends that reversible error arose from the ALJ's reliance on certain aspects of the Vocational Expert's (VE) testimony in finding Plaintiff capable of performing particular occupations and, accordingly, not disabled. ECF 12, at 3-9. Plaintiff avers that the ALJ erred in finding that a significant number of jobs existed within Plaintiff's residual functional capacity ("RFC"). *Id.* at 3. Plaintiff argues that the VE provided estimates that grouped several occupations, some of which are incompatible with the ALJ's RFC determination. *Id.* at 6-9. Before responding on the merits, the SSA sought remand for further consideration. ECF 14.

Less than two years ago, the Court examined similar arguments at a comparable procedural juncture. *Catisha W. v. Comm'r, Soc. Sec. Admin.*, No. BAH-21-1567, 2022 WL 2483582 (D. Md. July 6, 2022). The plaintiff in *Catisha W.* opposed the Commissioner's motion for remand; challenged the ALJ's use of VE testimony in establishing a factual record; and argued for a reversal and award of benefits. *Id.* at *1. Applying the high threshold required by the Fourth Circuit, Judge Hurson described the facts before him as the "antithesis" of what *Radford* and *Breeden* require. *Id.* In doing so, he found remand appropriate so that the SSA could "flesh[] out the facts" and have "a second opportunity to perform its task." *Id.*; *see also Coleman v. Astrue*, No. FRB-10-1871, 2011 WL 482885, at *1 (E.D. Mo. Jan. 19, 2011), *report and recommendation adopted*, No. RWS-10-1871, 2011 WL 483726 (E.D. Mo. Feb. 7, 2011) (granting an opposed motion to remand for further consideration; "further consideration" would include the issue of VE testimony regarding the existence of jobs the plaintiff could perform). I reach the same conclusion here.

Plaintiff's arguments fail to demonstrate this case as exceptional under *Breeden* and its progeny. The Commissioner concedes that "errors in the ALJ's decision merit[]" remand. ECF 16, at 2. But these errors do not demonstrate that "reopening the record would serve no useful purpose." *Breeden*, 493 F.2d at 1011-12. To the contrary, on remand, reopening the record would permit the ALJ to develop the record regarding the existence (or lack) of occupations within Plaintiff's RFC. *Cf. Catisha W.*, 2022 WL 2483582, at *1. Indeed, Plaintiff notes repeatedly that some of the occupations referenced are "*potentially* within [Plaintiff's] RFC." ECF 12, at 8 (emphasis added); *see also id.* at 6 (same); *id.* at 7 (same). But the record does not establish how many jobs *are* within Plaintiff's RFC. Plaintiff's urgings require the Court to make factual and legal determinations that are not unambiguously established in the record. Overstating an estimate, on its own, does not compel the conclusion that the true number is so small (or non-existent) to require the Court to award benefits.

In *Coffman*, the Fourth Circuit found an award of benefits appropriate because the record as developed convinced the court that if after remand the Commissioner "were to conclude again

that [plaintiff] was disabled, his decision would not withstand judicial review." 829 F.2d at 519. The matter before the Court does not compel the same conviction.

For the reasons set forth herein, the Court GRANTS the Motion to Remand (ECF 14) and DENIES the Motion for Summary Judgment (ECF 12). The SSA's judgment is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge